UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael E. Barner,

    Plaintiff,

v.                                          Case No. 13-13575

Pam M. Boyd, et al.,                  Honorable Sean F. Cox

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff filed this *pro se* action on August 20, 2013. (Doc. #1). At that time, Plaintiff also filed an Application to Proceed *In Forma Pauperis* and an Application for Appointment of Counsel (Doc. #2 and Doc. #3).

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Plaintiff failed to assert, in his Complaint or the documents attached thereto, that this Court has subject matter jurisdiction over the case. Therefore, on April 29, 2014, this Court entered an Order to Show Cause directing Plaintiff to state, in writing, why his action should not be dismissed for lack of subject matter jurisdiction. (Doc. #5).

On May 5, 2014, Plaintiff filed a Response to this Court's Order to Show Cause (Doc. #6). Plaintiff asserts that this Court has federal subject matter jurisdiction and diversity jurisdiction over this case. (Doc. #6).

The Court concludes that it does not have federal question jurisdiction over Plaintiff's claims. Quoting 28 U.S.C. section 1331, Plaintiff asserts generally that his claims arise under "the

Constitution, laws, or treatises of the United States, (sec 1331), in said contract." (Doc. #6 at p. 2).

28 U.S.C. section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations omitted).

Having reviewed Plaintiff's Complaint and show cause response, the Court finds that Plaintiff's claim does not arise under federal law. Plaintiff purports to plead a claim for breach of contract, but "breach of contract are matters of state law over which federal courts have no jurisdiction in the absence of diversity of citizenship." *Wallace v. Depalma*, 758 F.2d 654 (6th Cir. 1985). Furthermore, Plaintiff's Complaint does not reference any other relevant federal law, statute, rule, or constitutional provision.

The Court further concludes that it does not have diversity jurisdiction over Plaintiff's claims. In Plaintiff's show cause response, he asserts that he is a Michigan citizen, that Defendant Pam Boyd is a Kentucky citizen, and that all other Defendants are Michigan citizens.

28 U.S.C. section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332 (a). "[D]iversity must exist between all plaintiffs and all defendants." *Napletana v. Hillsdale Coll.*, 385 F.2d 871, 872 (6th Cir. 1967). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if

2

there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

By Plaintiff's own assertions, complete diversity between the parties does not exist because Plaintiff is a Michigan citizen and one or more Defendants are Michigan citizens. Thus, the allegations in Plaintiff's complaint and show cause response are insufficient to invoke diversity jurisdiction.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED** for want of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Court further ORDERS that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #2) and Application for Appointment of Counsel (Doc. #3) are DISMISSED AS MOOT.

**IT IS SO ORDERED.**


Dated: May 15, 2014                                S/ Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge


I hereby certify that on May 15, 2014, to foregoing document was served on counsel of record via electronic means and upon Michael Barner via First Class mail at the address below:

Michael Barner
841996
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048


                                                   S/ Jennifer McCoy
                                                   Case Manager

3